### ULYSSES BLANCH V. THE STATE.

No. 9820. Delivered Jan. 20, 1926.

**Assault to Murder—Evidence—Held, Sufficient.**

Where, on a trial for an assault to murder, the evidence as to the identity of appellant as the party who did the shooting is conflicting, the conflict in the evidence having been settled in favor of the state, we are not authorized to disturb the verdict, under the facts before us.

Appeal from the District Court of Gregg County. Tried below before the Hon. P. O. Beard, Judge.

Appeal from a conviction of an assault to murder, penalty two years in the penitentiary.

No brief filed by the appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

HAWKINS, Jᴜᴅɢᴇ.—Conviction is for assault with intent to murder. Punishment is two years in the penitentiary.

The record is without objections to the charge of the court, and contains no bills of exception. The only matter for review is whether the evidence supports the verdict and judgment.

It appears unnecessary to detail the evidence. The case turned upon the question of the identity of appellant as the party doing the shooting upon which the prosecution was pred-

icated. If believed, the evidence of the state was sufficient to authorize the jury in concluding that appellant was the party who committed the assault. The conflict in the evidence has been settled in favor of the state. We are unauthorized to disturb the verdict under the facts before us.

The judgment is affirmed.

*Affirmed.*